Michael A. Castaldi, J.
In this article 78 proceeding, petitioners seek to enjoin the election of members of Community School Boards in the County of Queens. The proceeding was brought on by order to show cause returnable today — March 17. The election is scheduled two days hence — on March 19.
Petitioners reside in Community School District No. 26. They are parents of children attending the public school system. Some of the children now attend Public School 188 in District No. 26; they will graduate from Public School 188 in June of this year and in the fall they are slated to attend Junior High School 109 in District No. 29. The parents in this category contend they are being disenfranchised in that they may not vote for the members of School Board No. 29. Other petitioning parents have children, some of whom now attend schools in District 26 and others attend schools in District No. 29. The parents in this latter category allege they are disenfranchised in that they must make a choice to vote either in District No. 26 or District No. 29, but they cannot vote in both districts.
According to petitioners, their disenfranchisement is occasioned by the voter qualifications contained in subdivision 3 of section 2590-c of article 52~A of the Education Law, being chapter 330 of the Laws of 1969. That statute provides: ‘1 Every registered voter residing in a community district and every parent of a child attending any school under the jurisdiction of the community board of such district who is a citizen of the state, a resident of the city of New York for at least ninety days and at least twenty-one years of age shall be eligible to vote at such election for the members of such community board, except that no person may vote more than once or in more than one community district.”
Subdivision 5 of section 2590-c, as amended by chapter 3 of the Laws of 1970, provides: “ Each registered voter shall vote at such polling place within his community district as shall be designated by the board of elections in the city of New York. Each person voting as a parent shall vote at such polling place within his community district as shall be designated by the city board.”
Petitioners contend that the above-quoted statutory provisions are unconstitutional as being violative of the “ one man— one vote ” principle. Petitioners misconceive the applicability of the “ one man — one vote ” doctrine. All that the statute here requires is for the parent to vote in the district where his child is attending school and that the parent shall not vote more than once nor in more than one district. Admittedly, there is the circumstance that a child now attending a school in District *637 No. 26 may 'attend in the fall a school in District No. 29, and that this may he occasioned by an administrative directive of the appropriate school officials, or otherwise. The point here made is that the parent is entitled to vote now in the district where his child is now attending school, and this surely does not spell out disenfranchisement.
In the case of parents who have children attending different schools in different school districts, the petitioners seemingly urge that they should have a vote in each of the districts. This would mean “ one man — many votes ” rather than “ one man — • one vote ”.
The statute under attack represents an attempt by the Legislature to bring about by reasonably defined means a decentralization of the New York City public school system. The wisdom of that legislative objective may not be the subject of judicial concern or inquiry. It may be too that in an administrative sense, the statutory scheme will be found wanting or in need of corrective details. Constitutionality of a statute, however, is not equated with perfection or flawless operation of the statute. In the ultimate, the present law is a recognition by the Legislature that each parent is entitled to one vote.
The court has considered the “ one man — one vote ” cases relied upon by petitioners. (Reynolds v. Sims, 377 U. S. 533; Avery v. Midland County, 390 U. S. 474; Hadley v. Junior Coll. Dist. of Metropolitan Kansas City, 397 U. S. 50; Kramer v. Union School Dist., 395 U. S. 621.) There is nothing in the cited cases that supports the argument of unconstitutionality urged by petitioners in the proceeding at bar. In other words, the “ one man — one vote ” argument is misplaced here.
Upon the oral argument, counsel for petitioners acknowledged that the “ disenfranchisement” issue was the sole and dispositive question. Nevertheless, it may not be amiss to point out that the very allegations in this petition of ‘1 involuntary transfer ” of the pupils resulting in a contrived racial imbalance ” were considered by my learned colleague, Mr. Justice Browk, and rejected by him in Matter of Morse v. Board of Educ. (N. Y. L. J., Aug. 4, 1969, p. 10, col. 7, [Sup. Ct., Queens County], app. dsmd. 38 A D 2d 904). See, also, this court’s opinion in Matter of Raskin v. Board of Educ. (N. Y. L. J., Dec. 3, 1969, p. 18, col. 4).
The court concludes that the statute here challenged (Education Law, art. 52-A) is free from the constitutional infirmities asserted by petitioners. Accordingly, judgment is granted for the respondents. Petitioners’ application is denied in all respects and the petition is dismissed.